UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TONY LUCIBELLO,                                CASE NO.:

          Plaintiff,

vs.

CNL APF PARTNERS, L.P., a foreign limited
Partnership, d/b/a Darryl's Restaurant
& Bar,

          Defendants.

_____/

**COMPLAINT**

Plaintiff, TONY LUCIBELLO ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint and hereby sues CNL APF PARTNERS, L.P., a foreign limited partnership d/b/a Darryl's Restaurant & Bar, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

**JURISDICTION AND PARTIES**

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 1343.

2.  Venue is proper in this Court, Orlando Division pursuant to 28 U.S.C. § 1391(B) and the Local Rules of the United States District Court for the Middle District of Florida.

3.  Plaintiff, TONY LUCIBELLO (hereinafter referred to as "MR. LUCIBELLO") is a resident of the State of Florida and is a qualified individual with a disability under the ADA. MR.

LUCIBELLO suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations. Prior to instituting the instant action, MR. LUCIBELLO visited the Defendants' premises, Pizzeria Uno located at and around CNL International Drive, Orlando, Florida (the "RESTAURANT"), and was denied full, safe and equal access to the subject property of Defendants which is the subject of this lawsuit due to the barriers to access which exist and its lack of compliance with the ADA. MR. LUCIBELLO continues to desire and intends to visit the RESTAURANT but continues to be denied full and safe access due to the barriers to access which continue to exist.

4. The Defendant, CNL APF PARTNERS, L.P., a Foreign limited partnership d/b/a Darryl's Restaurant & Bar, (hereinafter referred to as "CNL") is authorized to conduct and is conducting business in the State of Florida. Upon information and belief, CNL is the owner, lessee and/or operator of the real property and improvements which is the subject of this action, to wit: the RESTAURANT.

5. All events giving rise to this lawsuit occurred in the Middle District of Florida, Orange County, Florida.

### COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

6. Plaintiff re-alleges and re-avers paragraphs 1-5 as they were expressly restated herein.

7. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508 (A).

8. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the RESTAURANT owned

and operated by CNL is a place of public accommodation in that it is a RESTAURANT which provides goods and services to the public.

9. Defendant, CNL has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the RESTAURANT in derogation of 42 U.S.C. § 12101 et. seq.

10. The Plaintiff has been unable to and continues to be unable to enjoy full, safe and equal access to the benefits of the goods and services offered at the RESTAURANT owned and operated by CNL. Prior to the filing of this lawsuit, Plaintiff visited the RESTAURANT and was denied full, safe and equal access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit the RESTAURANT owned and operated by CNL, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access and the architectural barriers which remain at the RESTAURANT owned and operated by CNL, in violation of the ADA. MR. LUCIBELLO has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

11. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12. CNL is in violation of 42 U.S.C. § 12181 et.seq. and 28 C.F.R. § 36.302 et.seq. and is discriminating against the Plaintiff due to CNL's failure to provide, *inter alia,* the following non-

complete list of barriers to access:

    i.    There is an insufficient number of accessible parking spaces at the facility;

    ii.    There is an insufficient number of access aisles provided at the facility;

    iii.    There is a lack of proper accessible signage at the parking area;

    iv.    The accessible parking spaces are not located at the closest entrance to the facility;

    v.    There is a lack of access ramps at the parking area;

    vi.    There is a lack of accessible seating positions throughout the facility;

    vii.    There is a lack of accessible tables throughout the facility.

13.    There are other current barriers to access and violations of the ADA at the RESTAURANT owned and operated by CNL which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

14.    To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15.    Pursuant to the ADA, 42 U.S.C. § 12101 <u>et.seq.</u> and 28 C.F.R. § 36.304, CNL was required to make the RESTAURANT, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, CNL has failed to comply with this mandate.

16.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and

expenses paid by CNL pursuant to 42 U.S.C. § 12205.

17.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against CNL and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by CNL is violative of the ADA;

    B.    That the Court enter an Order directing CNL to alter the RESTAURANT to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing CNL to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow CNL to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 16th day of December, 2004.

                              Respectfully submitted,

                By:    /s/ Stephan M. Nitz
                      Stephan M. Nitz, Esq.
                      Florida Bar No. 45561
                      Schwartz Zweben & Associates, L.L.P.
                      Attorneys for Plaintiffs
                      3876 Sheridan Street
                      Hollywood, Florida 33021
                      Telephone:    (954) 966-2483
                      Facsimile:    (954) 966-2566